## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | |
|---|---|
| PHYLLIS C. CUCINELLA, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 5:19-cv-01424 |
| CREDIT CONTROL, LLC, | |
| Defendant. | DEMAND FOR JURY TRIAL |

### COMPLAINT

NOW comes PHYLLIS C. CUCINELLA ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of CREDIT CONTROL, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1.   Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, and the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code Ann. § 392 *et seq.*, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2.   This action arises under and is brought pursuant to the FDCPA.  Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for Plaintiff's state law claim pursuant to 28 U.S.C. §1367.

1

3.   Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Western District of Texas and a substantial portion the events or omissions giving rise to the claims occurred within the Western District of Texas.

## PARTIES

4.   Plaintiff is a consumer over 18 years-of-age residing in Atascosa County, Texas, which is located within the Western District of Texas.

5.   Defendant promotes that its "history in the collections industry started in 1989 and currently serves over 450 clients."[1] Defendant is a limited liability company organized under the laws of the state of Missouri, with its principal place of business located at 5757 Phantom Drive, Suite 330, Hazelwood, Missouri 63042.

6.   Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7.    The instant action stems from Defendant's attempts to collect upon a defaulted credit card debt ("subject consumer debt") that Plaintiff purportedly owes to Citibank, N.A. ("Citibank").

8.    Plaintiff incurred the subject consumer debt to finance the purchase of personal and family household goods and/or services.

9.    On or around November 23, 2019, Defendant mailed or caused to be mailed a collection letter in an attempt to collect upon the subject consumer debt.

10.   In its November 23rd letter, Defendant outlined that the balance due under the subject consumer debt was $5,809.01.

---

[1] https://www.credit-control.com/about-us/who-we-are/

11.  Moreover, in its November 23rd letter, Defendant also offered to settle the subject consumer debt for $2,323.60 ("settlement offer").

12.  Consequently, Defendant's settlement offer, if accepted, would have resulted in debt forgiveness totaling $3,485.41.

13.  However, Defendant failed to inform Plaintiff of the tax consequences of accepting its settlement offer.

14.  By failing to inform Plaintiff of the tax consequences of accepting its settlement offer, Defendant deceptively obfuscated the negative effects to Plaintiff of accepting its settlement offer.

15.  Accordingly, Plaintiff spoke with Sulaiman regarding the correspondence, resulting in pecuniary loss and expenditure of resources.

16.  Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, confusion, and aggravation.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

17. Plaintiff repeats and realleges paragraphs 1 through 16 as though full set forth herein.

18. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

19. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

20. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. Defendant has been a member of the Association of Credit and Collection Professionals, an association of debt collectors, since 2007.[2]

---

[2] https://www.acainternational.org/search#memberdirectory

21. The subject consumer debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be due to another for personal, family, or household purposes.

### a.  Violations of FDCPA § 1692e

22. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

23. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. §1692e(10).

24. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject consumer debt. Specifically, it was deceptive for Defendant to obfuscate the tax consequences of its settlement offer. Defendant purported to only convey a benefit to Plaintiff by making its settlement offer without warning her of the tax implications of accepting its settlement offer. Therefore, Defendant's goal was to deceptively induce Plaintiff into making a payment by purporting that Plaintiff would only be benefited if she accepted the settlement offer.

### b.  Violations of FDCPA § 1692f

25. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

26. Defendant violated §1692f when it unfairly attempted to collect upon the subject consumer debt. Any reasonable fact finder will conclude that Defendant acted unfairly when it designed its November 23rd collection letter to conceal the tax consequences of accepting its settlement offer. Defendant's actions only served to worry and confuse Plaintiff.

27. As pled in paragraphs 15 and 16, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, PHYLLIS C. CUCINELLA, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

28. Plaintiff restates and realleges paragraphs 1 through 27 as though fully set forth herein.

29. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

30. Defendant is a "[t]hird-party debt collector" as defined by Tex. Fin. Code Ann. § 392.001 (7).

31. The subject consumer debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

### a. Violations of TDCA § 392.304

32. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.304(19) prohibits a debt collector from "using any . . . false representation or deceptive means to collect a debt or obtain information concerning a consumer."

33. Defendant violated the TDCA by employing false representations and deceptive means to induce Plaintiff into submitting a payment towards the subject consumer debt. It was deceptive for Defendant to fail to advise Plaintiff of the tax implications of accepting its settlement agreement. Defendant's November 23rd letter purported to only convey a benefit to Plaintiff if she accepted the settlement offer. Nonetheless, accepting Defendant's offer would have resulted in a taxable event for Plaintiff, which Defendant concealed from Plaintiff.

WHEREFORE, Plaintiff, PHYLLIS C. CUCINELLA, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a.  Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b.  Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

c.  Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

d.  Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

e.  Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

f.  Enjoining Defendant from further contacting Plaintiff; and

g.  Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: December 6, 2019                          Respectfully submitted,

s/ Nathan C. Volheim                             s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103                 Taxiarchis Hatzidimitriadis, Esq. #6319225
*Counsel for Plaintiff*                          *Counsel for Plaintiff*
Admitted in the Western District of Texas        Admitted in the Western District of Texas
Sulaiman Law Group, Ltd.                         Sulaiman Law Group, Ltd.

2500 South Highland Ave., Suite 200          2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                      Lombard, Illinois 60148
(630) 568-3056 (phone)                       (630) 581-5858 (phone)
(630) 575-8188 (fax)                         (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                     thatz@sulaimanlaw.com